**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5538-15T1

RICHARD MARANO and EILEEN
MARANO,

      Plaintiffs-Respondents,

   v.

THE HILLS HIGHLANDS MASTER
ASSOCIATION, INC.,

      Defendant-Appellant.

_____

> Argued October 3, 2017 — Decided November 16, 2017
>
> Before Judges Fisher, Sumners and Moynihan.
>
> On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0697-16.
>
> Gregg S. Sodini argued the cause for appellant (Cutolo Barros LLC, attorneys; Mr. Sodini and Andrew Stein, of counsel and on the brief).
>
> Jeffrey S. Wilson argued the cause for respondents (Hedinger & Lawless LLC, attorneys; Richard E. Wenger, on the brief).

PER CURIAM

The Hills Highlands Master Association, Inc., appeals an order that confirmed a retired superior court judge's disposition

of the parties' disputes. The Association chiefly argues that the motion judge erred in determining that what the retired judge issued was an arbitration award. Having closely examined the parties' arguments in this unusual circumstance, we conclude that the parties did in fact submit their disputes to binding arbitration and that the motion judge correctly confirmed that award.

The underlying dispute has its genesis in a flooding condition in the backyard of plaintiffs Richard and Eileen Marano. Plaintiffs' property is contained within the Hills Highland development in Basking Ridge; their property and their relationship with the Association is governed by the Association's bylaws, which arguably include an arbitration provision. The parties eventually agreed to a resolution of their disputes through the involvement of a retired judge. After those proceedings were completed, the retired judge rendered an arbitration award, which, among other things, directed that the Association hire a contractor to make the repairs described in an engineering report and advance the funds for the work subject to reimbursement from numerous other affected lot owners who were not parties to any of the prior proceedings.

The Maranos thereafter commenced this summary action for the confirmation of the arbitration award. In confirming the award,

the motion judge concluded, as stated in her letter-opinion, that although at times the parties' use of the words "arbitration" and "mediation" in the record had been inconsistent, there was no question but that the parties engaged in binding arbitration before the retired judge.

The Association appeals, arguing:

> I. THE NEW JERSEY ARBITRATION ACT AND N.J.S.A. 2A:23B-22 DO NOT APPLY IN THIS MATTER.
>
> > A. The ADR Procedure Invoked By the Maranos Does Not Apply to the Association.
> >
> > B. The Association Never Entered Into An Agreement to Arbitrate.
>
> II. EVEN IF NEW JERSEY ARBITRATION ACT APPLIED THE DECISION OF [THE RETIRED JUDGE] MUST BE VACATED UNDER N.J.S.A. 2A:23B-23(a)(2) AND (4).[1]
>
> III. EVEN ASSUMING THE TRIAL COURT WAS CORRECT TO CONFIRM [THE RETIRED JUDGE'S] DECISION THE TRIAL COURT'S ORDER IMPERMISSIBLY EXPANDS THE DECISION AND THE RESPONSIBLE PARTIES.
>
> IV. ASSUMING A VALID, BINDING ARBITRATION AWARD, THE TRIAL COURT COULD NOT CONFIRM AN AWARD ASSESSING DAMAGES AGAINST NINETY-EIGHT HOMEOWNERS WHERE THE MARANOS FAILED TO INCLUDE NINETY-SEVEN OF THEM AS PARTICIPANTS IN THE ADR PROCEEDINGS.

---

[1] In Point II, the Association argues that plaintiffs' property-damage claim was time-barred. The Association recognized in its point heading that this statute-of-limitations argument was not raised in the trial court.

A-5538-15T1

We find insufficient merit in Points I, II and IV to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following brief comments about: (1) the Association's contention that the parties did not arbitrate but instead merely mediated their disputes; and (2) whether the arbitration award or the order under review may bind those property owners who were not parties to either the arbitration or confirmation proceedings.

I

We first consider whether the parties agreed to submit their disputes to binding arbitration as argued by plaintiffs, or whether they merely agreed to mediate as asserted by the Association. To the extent there is a colorable argument as to what the Association bylaws compel, the record is clear that the parties agreed to arbitrate, not mediate.

On March 11, 2014, plaintiffs' attorney wrote to the Association's attorney to demand "arbitration" regarding their disputes about the flooding situation. When no response was received within the few weeks that followed, plaintiff's attorney wrote again on April 1, 2014, stating that unless he received confirmation that the Association's attorney was "in the process of arranging for the arbitration proceeding as requested, [his] clients will have no alternative but to commence a summary action

pursuant to N.J.S.A. 2A:23B-7 to have the [c]ourt order the Association to arbitrate" (emphasis added). On that same date, the Association's attorney responded by contesting certain of plaintiffs' factual allegations and by asserting that the Association was not obligated to participate in arbitration, but nevertheless, while reserving the Association's rights, counsel stated its willingness to "participate in ADR to permit an objective third party to clarify what is already known to all parties involved: the true dispute lies between the Maranos and Molanders."[2]

When nothing immediately occurred, plaintiffs' attorney wrote to the Association's attorney on April 21, 2014, seeking information regarding the status of their contemplated proceeding, "confirm[ing] that we [will] go forward with an ADR proceeding," and identifying that procedure as "an arbitration hearing to be conducted . . . by a [h]earing [o]fficer who serves as an arbitrator" (emphasis added). On May 8, 2014, the Association's attorney responded by suggesting, among other things, that it was the Association that had the authority to appoint the hearing officer; he proposed either an identified attorney or the retired

---

[2] The Molanders were other property owners in the development that were given notice of the arbitration and the proceedings that followed.

judge, who was later retained for that purpose. On June 16, 2014, the Association's attorney wrote to the retired judge to inquire as to his availability and willingness to serve as "the arbitrator" in the process described in the Association's resolution for alternate dispute resolution.

Certainly, everything up to this chronological point demonstrates the parties agreed to arbitrate. The uncertainty, unfortunately, arose after the retired judge accepted the appointment, when he forwarded a form agreement that called for mediation. Indeed, that document, which was entitled "civil mediation agreement," was what the parties executed. But plaintiffs' counsel, in returning this executed document on July 16, 2014, wrote to the retired judge to point out that although the document "refer[red] to this proceeding as a 'mediation,'" plaintiffs "believe[d] that it is properly an arbitration proceeding for which you will be asked to render an award." The Association's counsel never responded or questioned plaintiffs' assertion as to the nature of the retired judge's undertaking.

The record also contains numerous other communications, all of which referred to the proceeding before the retired judge as an arbitration. The Association never disputed or quarreled with those references. Indeed, on February 10, 2015, the Association's attorney wrote to an engineer retained by the parties to determine

the cause of the flooding problem; therein, the Association's attorney referred to the fact that "the parties are currently in the middle of an arbitration" and requested certain information "in the near future so that the parties may resume arbitration" (emphasis added).

When the proceedings were completed, the retired judge rendered a decision which was entitled "Award In Arbitration." There is no evidence in the record on appeal to suggest that the Association ever asserted that the parties were merely mediating and were not arbitrating their disputes.

Consequently, the motion judge properly rejected the Association's argument that the parties had never arbitrated their disputes. With the exception of the retired judge's mistake in having the parties execute a document memorializing the terms of a "civil mediation," there is no doubt that the parties agreed to and in fact participated in binding arbitration.

II

The Association poses interesting questions about the impact of the arbitration award and the order under review on individual property owners who were not parties to either proceeding. We do not, however, reach those issues if for no other reason than the fact that those nonparties are not parties to this appeal as well.

7                                                        A-5538-15T1

If any nonparty is aggrieved by the fact or manner in which their rights have been adjudicated by either the arbitrator or the motion court, whether they are so bound will be determined when or if they ever present those grievances.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION